UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESTHER TAYLOR, | No. 2:16-cv-00311-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| ADAMS & ASSOCIATES, INC., | |
| Defendant. | |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 18.) Plaintiff Genesther Taylor ("Plaintiff") opposes the motion. (ECF No. 19.) Defendant has filed a reply. (ECF No. 20.) For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings (ECF No. 18).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she was hired in 2008 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 18-1 ¶ 9.) Plaintiff is an African-American woman, over 40 years of age, who was diagnosed with epilepsy, diabetes, and fibromyalgia. (ECF No. 18-1 ¶¶ 28, 41, & 49.) She alleges she was "an active member" of the California Federation of Teachers Union ("CFT") and "served as the organization's President." (ECF No. 18-1 ¶ 11.) Plaintiff alleges she had no disciplinary history and had support and praise from supervisors. (ECF No. 18-1 ¶ 10.)

1

1 In February 2014, Defendant became the new managing corporation of SJCC. (ECF No.
2 18-1 ¶ 12.) Plaintiff alleges Defendant announced it would reorganize several job duties for some
3 positions, reduce the number of Residential Advisor positions, create a new Residential
4 Coordinator position, and evaluate and interview SJCC employees to continue in their positions.
5 (ECF No. 18-1 ¶¶ 13–14.) Plaintiff alleges she "expressed concerns that this process was not
6 being properly documented or described to [SJCC] employees." (ECF No. 18-1 ¶ 15.)

7 Plaintiff alleges that on February 25, 2014, she received a phone call from Defendant
8 attempting to schedule an interview that day. (ECF No. 18-1 ¶ 16.) Plaintiff alleges Defendant
9 interviewed her for approximately ten minutes, during which she "discussed her educational
10 background and history with [SJCC] [and informed Defendant] she wanted to maintain her
11 position as CFT President." (ECF No. 18-1 ¶ 19.) Plaintiff alleges she became concerned
12 Defendant "was excluding current [SJCC] employees from the interview process." (ECF No. 18-
13 1 ¶ 17.) She alleges she "worked with several other employees in contacting Defendant [] to
14 schedule their interviews and make sure they were aware of details regarding the interview
15 process." (ECF No. 18-1 ¶ 18.)

16 Plaintiff alleges she received a rejection letter in March 2014, learned other employees
17 with "equal or lesser experience were being hired for similar Advisor positions," and suspected
18 Defendant refused to hire her based on her age, race, medical condition, and role in the CFT.
19 (ECF No. 18-1 ¶¶ 20–23.) Plaintiff alleges she pursued claims against Defendant "related to her
20 perceived retaliation as the President of CFT at [SJCC] and was ultimately reinstated as of
21 February 23, 2015." (ECF No. 18-1 ¶ 24.) Plaintiff alleges she has returned to work but
22 "continues to face ongoing discrimination based on her protected status." (ECF No. 18-1 ¶ 25.)

23 On November 25, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento
24 County. (ECF No. 18-1 at 4.) Defendant answered the complaint and then removed the case to
25 this Court on the basis of diversity jurisdiction. (ECF No. 1-1 at 1, 27–36.) Defendant moved for
26 judgment on the pleadings arguing Plaintiff fails to state a claim. (ECF No. 18 at 7.)

27 Plaintiff alleges claims for violations of the California Fair Employment and Housing Act
28 ("FEHA") and common law, including: (i) age and race discrimination in violation of California

Government Code § 12940(a); (ii) disability discrimination in violation of California Government Code § 12940(a); (iii) failure to hire in violation of public policy; (iv) retaliation in violation of California Government Code § 12940(h); (v) failure to prevent discrimination in violation of California Government Code §12940(k); (vi) failure to accommodate in violation of California Government Code § 12940(m); (vii) failure to engage in the interactive process in violation of California Government Code § 12940(n), and; (viii) intentional infliction of emotional distress. (ECF No. 18-1 at 7–17.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R.

3

Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.    ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts to support any of her claims. (ECF No. 18 at 9.) The Court will discuss each claim in turn.

        A.     <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges she was qualified and capable of performing her job duties, and Defendants knew Plaintiff was an African-American woman, over 40 years of age, who was diagnosed with epilepsy, diabetes, and fibromyalgia. (ECF No. 18-1 ¶¶ 29, 41, & 50.) Defendant moves to dismiss Plaintiff's FEHA claims for discrimination on the basis of age, race, and disability, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 18 at 10.) Plaintiff states generally all her claims are sufficiently pleaded and the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 4–6.)

                *i.*    *Age and Race Discrimination*

FEHA prohibits an employer from discriminating against an employee because of age or race. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) she was a member of a protected class; (ii) she was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted

4

with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges Defendant knew Plaintiff was a member of protected classes and refused to rehire her into a Residential Advisor position due to her age and race, but hired others with equal or less experience into similar Advisor positions. (ECF No. 18-1 ¶¶ 21, 29–30, & 50–51.) Plaintiff's allegation Defendant acted because of her membership in various protected classes is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of her age or race. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the plaintiff stated a case for failure to promote by showing that rather than filling the position by promoting any of the interviewees, [the employer] transferred a white manager into the position).

Plaintiff has not alleged facts sufficient to support the fourth element of her discrimination claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for discrimination based on race and color.

        ii.  *Disability Discrimination*

FEHA prohibits an employer from discriminating against an employee because of the employee's disability. CAL. GOV'T CODE § 12940(a). To state a claim for disability discrimination under FEHA, a plaintiff must show she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or

without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Mohsin v. California Dep't of Water Res.*, No. 213CV01236TLNEFB, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016) (citing *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515-KJM-DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 2015)).

Plaintiff alleges Defendant knew she suffered from epilepsy, diabetes, and fibromyalgia, and refused to rehire her as a Residential Advisor "due to her medical condition," knew the conditions impacted her life, but she remained able to perform the essential functions of her position had Defendant provided her with reasonable accommodation. (ECF No. 18-1 ¶¶ 37, 38, 41–42.) Plaintiff's allegations her conditions impacted her life, she was able to perform essential job functions with accommodation, and Defendant refused to hire her because of her medical condition are recitations of elements. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of her disability. *See Achal*, 114 F. Supp. 3d at 797–98 (finding the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not investigate the matter and there was no question as to the plaintiff's job performance during his employment, even after he returned from medical leave).

Plaintiff's allegations do not give rise to a plausible inference that Defendant failed to hire Plaintiff because of her membership in protected classes. *Achal*, 114 F. Supp. 3d at 798. Because Plaintiff has not alleged facts sufficient to support a plausible inference of a discriminatory motive in relation to any of her discrimination claims, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's age, race, and disability discrimination claims.

B. <u>Failure to Hire in Violation of Public Policy</u>

Plaintiff alleges Defendant failed to hire her in violation of public policy by rejecting her application because of her "protected characteristics, including her union membership." (ECF No. 18-1 ¶ 62.) Defendant argues Plaintiff's claim related to her union activity is preempted and the remainder of her claim is conclusory and fails to allege sufficient facts to state a claim for failure to hire related to her age, race, or medical condition. (ECF No. 18 at 11–12.)

6

i. *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)-(3).

Plaintiff's claim for failure to hire based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had multiple illegal reasons for firing her, and *Garmon* preemption should not apply to her *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 19 at 8–9) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on mixed motives, if some motives were not even arguably unrelated to unfair labor practices).

Plaintiff's claims for failure to hire based on age, race, or medical condition, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy regarding Plaintiff's age, race, or medical condition, is not preempted.

///

*ii.     Pleading Adequacy of Plaintiff's Failure to Hire Claim*

Defendant argues, to the extent Plaintiff's failure to hire claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 18 at 11–12.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 6.)

To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Plaintiff has not alleged Defendant filled any positions with employees who were not members of the same protected class as Plaintiff nor has Plaintiff alleged Defendant continued to consider other applicants whose qualifications were comparable to Plaintiff's after rejecting Plaintiff. Because Plaintiff has not alleged facts sufficient to support the fourth element of her failure to hire claim, the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to hire claim.

C.     Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges she engaged in "such protected activities as being an African American woman over the age of 40 diagnosed with various medical conditions" and being a representative of "other Resident Advisors at [SJCC] as CFT Preseident." (ECF No. 18-1 ¶¶ 71–72.) Plaintiff alleges Defendant terminated her employment because of those alleged protected activities. (ECF No. 18-1 ¶¶ 71–72.) Defendant argues Plaintiff failed to show causation between Plaintiff's termination and any protected activity. (ECF No. 18 at 12–13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 6.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017

WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege she engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Because Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

### D. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination" and "rejected her application based on discriminatory motives" even though Defendant "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her career with [SJCC]." (ECF No. 18-1 ¶¶ 81, 83, 84.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 18 at 13–14.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 18 at 13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 6.) As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or medical condition, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination claim.

///

### E. Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant knew Plaintiff was "capable of performing her duties at work" "despite her medical conditions," and failed to accommodate her medical condition when Defendant "unreasonably refused to hire her." (ECF No. 18-1 ¶¶ 92–93.) Defendant argues Plaintiff does not allege sufficient facts to support this claim, such as whether and how Plaintiff could perform essential job functions, what accommodations were necessary, whether she requested any accommodation, or that Defendant failed to accommodate her. (ECF No. 18 at 15.) Plaintiff states the facts alleged are sufficient. (ECF No. 19 at 6.)

To state a claim for failure to accommodate, a plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was otherwise qualified to do her job; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin*, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016); *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000). "To face liability under section 12940(m), an employer must have been aware of the employee's disability." *Achal*, 114 F. Supp. 3d at 799 (citing *King v. United Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 443 (2007). "An employee cannot demand clairvoyance of his employer." *King,* 152 Cal. App. 4th at 443.

Plaintiff states Defendant was aware of Plaintiff's medical conditions. (ECF No. 18-1 ¶ 92.) Plaintiff, however, has not alleged any facts to support her conclusion Defendant had knowledge of her medical conditions. Because Plaintiff has not alleged facts sufficient to support a plausible inference Defendant was aware of her medical conditions, the Court need not analyze the other elements of Plaintiff's claim. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to accommodate claim.

### F. Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)

Plaintiff alleges Defendant was aware of Plaintiff's medical conditions involving epilepsy, diabetes, and fibromyalgia, "but failed to engage in a timely, good-faith, interactive process with her to determine effective reasonable accommodations for her to fill her previous position as

Resident Advisor." (ECF No. 18-1 ¶ 101.) Defendant argues Plaintiff does not allege sufficient facts to support her claim, such as with whom she discussed her disability or request for accommodation, or the specific accommodation requested. (ECF No. 18 at 15.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 6.)

"FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id.* at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir.2001)).

Plaintiff states Defendant was aware of Plaintiff's medical conditions involving epilepsy, diabetes, and fibromyalgia. (ECF No. 18-1 ¶ 101.) Plaintiff, however, has not alleged any facts to support her conclusion Defendant was aware of her medical conditions, her needs, or failed to engage in the interactive process. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to engage in the interactive process claim.

G.     Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but refused to hire Plaintiff in favor of less qualified applicants "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 18-1 ¶¶ 107–08.) Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which cannot constitute "extreme and outrageous conduct," a required element of this claim. (ECF No. 18 at 16.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be

11

determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id.* at 64–65.

Plaintiff alleges Defendant failed to hire her in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 18-1 ¶ 108.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 18) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 29, 2017

Troy L. Nunley
United States District Judge