UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESTHER TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>        Defendant. | No. 2:16-cv-00311-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 26.) Plaintiff Genesther Taylor ("Plaintiff") opposes the motion. (ECF No. 30.) Defendant has filed a reply. (ECF No. 33.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 26), with prejudice.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2008 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 25 ¶ 10.) Plaintiff is an African-American woman, over 40 years of age, who was diagnosed with epilepsy, diabetes, and fibromyalgia. (ECF No. 25 ¶¶ 47, 60, & 68.) She alleges she was "an active member" of the California Federation of Teachers Union ("CFT") and "served as the organization's President." (ECF No. 25 ¶ 12.) Plaintiff alleges she had no disciplinary history and had support and praise from supervisors. (ECF No. 25 ¶ 11.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 25 ¶ 3.) Plaintiff alleges Defendant announced it would reorganize several job duties for some positions, reduce the number of Residential Advisor positions, create a new Residential Coordinator position, and evaluate and interview SJCC employees to continue in their positions. (ECF No. 25 ¶¶ 14–15.) Plaintiff alleges she "expressed concerns that this process was not being properly documented or described to [SJCC] employees." (ECF No. 25 ¶ 16.)

Plaintiff alleges that on February 25, 2014, she received a phone call from Defendant attempting to schedule an interview that day. (ECF No. 25 ¶ 17.) Plaintiff alleges Defendant interviewed her for approximately ten minutes, during which she "discussed her educational background and history with [SJCC]…[and stated] she wanted to maintain her position as CFT President." (ECF No. 25 ¶ 20.) Plaintiff alleges she was concerned Defendant "was excluding current [SJCC] employees from the interview process." (ECF No. 25 ¶ 18.) She alleges she "worked with several other employees in contacting Defendant [] to schedule their interviews and make sure they were aware of details regarding the interview process." (ECF No. 25 ¶ 19.)

Plaintiff alleges she received a rejection letter in March 2014, learned other employees with "equal or lesser experience were being hired for similar Advisor positions," and suspected Defendant refused to hire her based on age, race, medical condition, and role as union president. (ECF No. 25 ¶¶ 30–32.) Plaintiff alleges she pursued claims against Defendant "related to her perceived retaliation as the President of CFT at [SJCC] and was ultimately reinstated as of February 23, 2015." (ECF No. 25 ¶ 33–34.) Plaintiff alleges she "continues to face ongoing discrimination based on her protected status" after her return to work. (ECF No. 25 ¶ 35.)

1 | Defendant moved for judgment on the pleadings arguing Plaintiff failed to state a claim.
2 | (ECF No. 18.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave
3 | to amend her complaint. (ECF No. 24.) Plaintiff amended her complaint, alleging eight claims
4 | for violations of California's Fair Employment and Housing Act ("FEHA"). (ECF No. 25.)
5 | Defendant moves to dismiss for failure to state a claim. (ECF No. 26.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

Defendant argues Plaintiff fails to allege sufficient facts. (ECF No. 26 at 3.)

A. <u>Discrimination in Violation of California Government Code § 12940</u>

Plaintiff alleges Defendant discriminated against her by refusing to hire her due to her age, medical conditions, and race, in violation of FEHA. (ECF No. 25 ¶¶ 49, 61, 70.) To state a claim for discrimination under FEHA, a plaintiff must allege facts sufficient to show: (i) she was a

4

member of a protected class; (ii) she was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

Plaintiff alleges she is an African-American woman, over 40 years of age, who has various medical conditions. (ECF No. 25 ¶¶ 47, 60, & 68.) Plaintiff alleges Defendant discriminated against Plaintiff by refusing to hire her due to her age, medical condition, and race. (ECF No. 25 ¶ 49, 61, & 70.) Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions," (ECF No. 25 ¶ 31), but does not allege the employees were different ages or races than Plaintiff or did not have disabilities. Plaintiff currently works at SJCC and concludes she "continues to face ongoing discrimination based on her protected status," (ECF No. 25 ¶ 35), but she does not allege facts describing that continued discrimination.

Plaintiff's allegation Defendant acted because of her membership in various protected classes is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts showing she was treated differently than similarly situated individuals who were not of Plaintiff's age, race, or suffered from medical conditions. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. Jan. 11, 2017) (failed to allege plausible inference of age discrimination, such as being replaced by a younger employee, negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the African-American plaintiff stated a case for failure to promote by showing his employer transferred a white manager into a position rather than promoting any of the interviewees); *cf. Achal*, 114 F. Supp. 3d at 797–98 (finding the allegations sufficient to infer pretext where the defendant claimed it fired the plaintiff for causing his own disability, but did not investigate the matter and there was no question as to the plaintiff's job performance during his employment, even after he returned from medical leave).

Plaintiff's allegations are insufficient to support a plausible inference Defendant acted *because* of her age, race, or medical condition. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims for age, race, and disability discrimination.

B. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire her in violation of public policy by rejecting her application because of her "protected characteristics, including her age, race, and medical condition." (ECF No. 25 ¶ 79.) To state a claim for failure to hire based on disparate treatment, a plaintiff must show the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Plaintiff has not alleged Defendant filled the Resident Advisor position with employees who were not members of the same protected classes as Plaintiff. Plaintiff has not alleged Defendant continued to consider other applicants with comparable qualifications after rejecting Plaintiff. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims for failure to hire in violation of public policy.

C. Retaliation in Violation of California Government Code § 12940(h)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff alleges Defendant retaliated against her by refusing to hire her for "activities" which are not protected activities, alleges she engaged in protected activities but does not allege Defendant retaliated against her for those activities, and alleges she believes she faces "continued adverse employment actions" as an employee of SJCC but does not allege facts to support her statement or to show what the alleged adverse actions entail.

Plaintiff alleges Defendant "retaliated against Plaintiff by refusing to hire her on account of such protected activities as being an African American woman over the age of 40 who had been diagnosed with various medical conditions." (ECF No. 25 ¶ 89.) Plaintiff alleges Defendant "discriminated and retaliated against Plaintiff and other similarly situate[d] employees based on their age, race, and disability/medical condition." (ECF No. 25 ¶ 92.) The "activities" Plaintiff labels as protected activities, being over a certain age, of a certain race, or having been diagnosed with medical conditions, are not protected activities under FEHA. CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff alleges she engaged in "protected activity under Title VII including, but not limited to, complaining internally and externally about discrimination she and other employees experienced at [SJCC] because of her race and because of her association with other minority employees who were also bringing claims of discrimination, harassment, and retaliation." (ECF No. 25 ¶ 88.) Plaintiff alleges she "complained through her union representatives and directly to Adams' employees regarding her disparate treatment and the adverse employment actions she felt she faced. Plaintiff also complained through an administrative claim with the EEOC which issued a right to sue in December 2014." (ECF No. 25 ¶ 90.) Activities such as filing complaints and opposing practices forbidden by FEHA are protected activities under FEHA. CAL. GOV'T CODE § 12940(h). Plaintiff, however, does not allege Defendant retaliated against her for these activities. Instead, she alleges Defendant retaliated against her because of different activities, (ECF No. 25 ¶¶ 89, 92), that, as discussed above, are not protected activities. Further, the retaliation Plaintiff claims, failure to hire her in March 2014, (ECF No. 25 ¶ 30), predates the only dated protected activity, her EEOC administrative claim in December 2014, (ECF No. 25 ¶ 90). Plaintiff cites no authority permitting a claim for retaliation predating the protected activity.

Finally, Plaintiff alleges she "has faced continued adverse employment actions since she resumed working at [SJCC] because of her protected status and affiliation with other protected employees." (ECF No. 25 ¶ 91.) Plaintiff's statement "she faces continued adverse employment actions" is a recitation of the second element of a claim, requiring that the employer subject the employee to adverse employment action. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged

facts showing Defendant subjected her to adverse employment actions since her return to work. The only retaliation she alleges, Defendant's refusal to hire her in March 2014, predates her return to work and so cannot be the "continued adverse employment action."

Plaintiff's statement Defendant acted because of her "protected status and affiliation with other protected employees" would be a recitation of the third element that a plaintiff must show a causal link between protected activity and the employer's action, *see Iqbal*, 556 U.S. at 678, if it referred to protected activity required by the first element. Plaintiff, however, refers to "protected status" and status, such as being a certain age, race, or having medical conditions, is not protected activity under FEHA. *See* CAL. GOV'T CODE § 12940(h). Plaintiff also alleges Defendant acted because of her "affiliation with other protected employees," but Plaintiff has not alleged facts showing what "affiliation" or "association" entails or how it constitutes a protected activity. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim.

D. <u>Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)</u>

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination" and "rejected her application based on discriminatory motives" even though Defendant "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her career with [SJCC]." (ECF No. 25 ¶¶ 106, 108–09.) FEHA's § 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding there cannot be a claim by a private litigant for failure to prevent discrimination without a valid claim for discrimination). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or medical condition, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination.

///

### E. Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant knew Plaintiff was "capable of performing her duties at work" "despite her medical conditions," and failed to accommodate her medical condition when Defendant "unreasonably refused to hire her." (ECF No. 25 ¶¶ 117–18.) "To face liability under section 12940(m), an employer must have been aware of the employee's disability." *Achal*, 114 F. Supp. 3d at 799 (citing *King v. United Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 443 (2007). "An employee cannot demand clairvoyance of his employer." *King,* 152 Cal. App. 4th at 443. Plaintiff states Defendant was aware of Plaintiff's medical conditions, (ECF No. 25 ¶ 117), but has not alleged any facts to support her conclusion that Defendant was aware of her medical conditions. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to accommodate.

### F. Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)

Plaintiff alleges Defendant was aware of Plaintiff's medical conditions involving epilepsy, diabetes, and fibromyalgia, "but failed to engage in a timely, good-faith, interactive process with her to determine effective reasonable accommodations for her to fill her previous position as Resident Advisor." (ECF No. 25 ¶ 126.) "FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id.* at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir. 2001)).

Plaintiff states Defendant was aware of her medical conditions but has not alleged any facts to support her conclusion Defendant was aware of her medical conditions. Plaintiff has not alleged she required or requested accommodation. Plaintiff has not alleged facts sufficient to support an inference Defendant knew she required accommodation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) (the plaintiff informed the employer on his

application that he was hearing impaired and said during the interview he would have done better with a sign language interpreter); *Joseph v. Target Corp.*, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) (the defendant knew the plaintiff had been on medical leave, still experienced symptoms of his illness such as memory loss, and was challenged by this in performing his job). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to engage in the interactive process.

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support her claims and did not do so. This Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the original complaint as to each claim and granted leave to amend. (ECF No. 24.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 26), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 20, 2018

Troy L. Nunley
United States District Judge